# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 13, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| HEIDI WHITE *and* DAVID WHITE, | * | Unpublished |
| *Parents of Minor* A.C.W., | * | |
| | * | |
| Petitioners, | * | No. 15-1521V |
| | * | |
| v. | * | |
| | * | Special Master Gowen |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Interim Fees. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Anthony M. Carr,* Shaheen & Gordon, P.A., Concord, NH, for petitioner.
*Adriana R. Teitel,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 23, 2020, Heidi White and David White, parents of minor A.C.W, ("petitioners") filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and award $121,775.18 in interim attorneys' fees and costs and $75.18 in costs incurred by petitioners.**

### I.     Procedural History

On December 15, 2015, petitioner filed this claim in the National Vaccine Injury Compensation Program ("Vaccine Program" or "the Program"). Petitioner alleged that A.C.W. suffered transverse myelitis after receiving the human papillomavirus vaccine ("HPV") on July 20, 2013. Petition at Preamble (ECF No. 1).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

On December 19, 2019, I found that petitioners, on behalf of A.C.W., were entitled to compensation.  *White v. Sec'y of Health & Human Servs.,* No. 15-1521, 2019 WL 7563239 (Fed. Cl. Spec. Mstr. Dec. 19, 2019).

On January 2, 2020, I issued a damages order directing petitioners to file updated medical records and documentation to support damages.  Damages Order (ECF No. 102).  Petitioner filed updated medical records on February 3, 2020.  ECF No. 104.  Additionally, petitioner filed an expert report by Mr. Jack Bopp, a Certified Rehabilitation Counselor, to "assess the extent to which handicapping limitations secondary to the transverse myelitis diagnosed in August 2013 impede her abilities to work and earn income."  Petitioner's Exhibit ("Pet. Ex.) 44 at 1 (ECF No. 105-1).  Petitioners also filed a life care plan developed by RN Barbara T. Bate.  Pet. Ex. 47 (ECF No. 107).

The parties continued to discuss damages and to set up a virtual visit with the life care planners and A.C.W. and Mrs. White.  Pet. Status Report (ECF No. 115).  On June 23, 2020, petitioners filed this Motion for Interim Attorneys' Fees and Costs.  Pet. Fees Application ("Fees App.").  Petitioners request attorney's fees in the range of $58,570.55-$65,308.80; attorney costs in the amount of $9,743.88; expert fees and costs in the amount of $62,753.20; and petitioners' costs in the amount of $75.18.  Fees App. at 5.

On June 26, 2020, respondent filed a response to petitioners' motion for interim fees.  Respondent's ("Resp.") Response (ECF No. 114).  Respondent stated that, "Special Masters are thus accorded "wide discretion in determining the reasonableness" of a petitioner's request for reasonable attorneys' fees and costs."  Resp. Response at 3 (citing *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd* 33 F.3d 1375 (Fed. Cir. 1994).  Respondent wrote that he, "defers to the Special Master as to whether to exercise his discretion to award interim attorneys' fees and costs at this time," and requested that, "…the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 4.  However, respondent noted that petitioner's request for expert fees and costs in the amount of $5,350.00 for the retention of  Jack Bopp, MS for preparing the earning capacity estimate may be unnecessary because A.C.W.'s "claim for future lost wages is governed by the Vaccine Act's statutory formula."  *Id.* at 1.

Pursuant to my direction, on September 30, 2020, petitioner filed invoices from the experts utilized in the case.  Pet. Exs. 51-55.  Additionally, on October 6, 2020, petitioner filed a supplemental motion for interim attorneys' fees and costs, stating that Dr. Kinsbourne had not previously provided a full and final invoice until September 30, 2020, thereby increasing the expert fees and costs to the total amount of $86,233.20.  Pet. Supplemental ("Supp.") Motion (ECF No. 120).  Respondent filed a response to petitioner's supplemental motion stating that "respondent defers to the special master to determine whether an award of interim fees and costs is appropriate and the reasonableness of the requested hourly rates and number of hours billed by petitioners' experts.  However, respondent files this response to highlight several factual observations from the recently submitted documentation."  Resp. Response to Pet. Supp. Mot. at 2.  Respondent observed that Dr. Kinsbourne appears to have billed twice for the same work performed in July 2017 and July 2018.  *Id.* at 2.  Additionally, respondent stated that the invoice

from Dr. Steinman "appears to seek compensation for first-class airfare." *Id.* at 2; Pet. Ex. 52 at 6.

Petitioners did not file a reply to respondent's response to their supplemental motion. This decision incorporates petitioners' initial interim application and the supplemental fee application and is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### A.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). In this case, I found that petitioners are entitled to compensation, thus are eligible for an award of attorneys' fees and costs.

### B.  Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

In this case, an entitlement hearing has already occurred, and I have found in favor of petitioners. This case has been pending for nearly five years, petitioners have not requested interim fees prior to this application and an entitlement hearing has already occurred. Thus, I find an award for interim fees and costs at this time appropriate.

## III.    Reasonable Attorneys' Fees and Costs

### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at

3

1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B.  Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioners request that the hourly rate that should apply to counsels' hourly rate is the forum rate.  Fees App. at 3.  Petitioners state that counsel is in the Boston-Worcester-Manchester area, which the Court has determined that the "appropriate hourly rate for petitioner's counsel in this area should be determined by consideration of the forum rate."  *Id.* (citing *McCulloch v. Sec'y of Health & Human Servs.,* No. 09-293V, 2015 WL 5634323 at *7-14 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Petitioners state that the offices of Shaheen & Gordon are located in Manchester, New Hampshire, Concord, New Hampshire and Dover, New Hampshire, thus included in the "Boston-Worcester-Manchester" area, which forum rates have been previously applied.  I agree with petitioners and thus apply the forum hourly rates to petitioners' counsels' hourly rates.

---

[2] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on January 6, 2020).

In this case, petitioners' request that work performed by their former counsel of record, Mr. D. Michael Noonan[3] to be compensated for work performed on this case from 2014-2019. Petitioners state that Mr. Noonan had 26-29 years of experience while working on this matter, placing him in the 20-30 years of experience in practice bracket for forum rates. Fees App. at 3. Specifically, petitioners request that Mr. Noonan be compensated at $382.50 per hour for work performed in 2014-2016; $391.00 per hour for work performed in 2017; $404.50 per hour for work performed in 2018; and $413.00 per hour for work performed in 2019. *Id.* The requested hourly rates for Mr. Noonan are consistent with forum hourly rate fee schedule for someone with his years of experience. Therefore, I find the hourly rates requested for Mr. Noonan to be reasonable.

Petitioners request that Mr. Anthony Carr, their current attorney of record, be compensated for work performed from 2018-2019. Petitioners state that Mr. Carr had 5 to 6 years of legal experience during that time, placing him in the 4-7 years of experience bracket for forum rates. Specifically, petitioners request that Mr. Carr be compensated at $277.50 per hour for work performed in 2018 and $283.50 per hour for work performed in 2019. The requested hourly rates for Mr. Carr are consistent with the forum hourly rate fee scheduled for someone with his years of experience. Therefore, I find the hourly rates requested for Mr. Carr to be reasonable.

Petitioners also request that the paralegals, Ms. Patti Kretschmar and Ms. Michelle Descoteaux, be compensated for the work they performed on this case from 2014 through 2019. Fees App. at 4. Specifically, the petitioners request that the hourly rate for both Ms. Kretschmar and Ms. Descoteaux be $135.00 per hour for work performed in 2014-2016; $138.00 per hour for work performed in 2017; $142.50 per hour for work performed in 2018; and $145 per hour for work performed in 2019. *Id.* Given the years of experience of both paralegals and that these rates fall within the forum rates, I find these rates reasonable.

Petitioners also requested that the hourly rates for counsel (Mr. Noonan and Mr. Carr) and the paralegals (Ms. Kretschmar and Ms. Descoteaux) be adjusted to the top of the brackets for forum rates. Fees App. at 5. Petitioners reason that the higher amounts should be awarded because, "this case presented an important issue of first impression, as well as the complexity of the case, the need for specialized knowledge, the magnitude of the tasks involved in litigation, including the preparation and work that led up to the entitlement hearing and the favorable, first of its kind order that flowed from it." Fees App. at 5.

In the entitlement ruling, I found that petitioners had demonstrated that A.C.W. suffered from transverse myelitis as a result of receiving the HPV vaccine. *White v. Sec'y of Health & Human Servs.,* No. 15-1521, 2019 WL 7563239 at *1 (Fed. Cl. Spec. Mstr. Dec. 19, 2019). Transverse myelitis is not a new vaccine-related injury considered before this court. Instead, many other cases prior to this case have considered whether transverse myelitis can be caused by vaccines, as a rare event, which resulted in reasoned opinions. *See Moore v. Sec'y of Health & Human Servs.,* No. 07-645V, 2010 WL 511399 (Fed. Cl. Spec. Mstr. Aug. 31, 2010). Further,

---

[3] Both Mr. Noonan and Mr. Carr are attorneys in the firm of Shaheen & Gordon. Mr. Noonan delegated first chair responsibility for this case to Mr. Carr shortly before trial.

even more cases have been settled by stipulation between the parties where petitioners alleged transverse myelitis as a result of receiving HPV vaccinations. *Raymo v. Sec'y of Health & Human Servs.,* No. 11-654, 2015 WL 7720174 (Fed. Cl. Spec. Mstr. Nov. 5, 2015) (petitioner alleged minor child developed transverse myelitis as a result of receiving the HPV, meningococcal, HepA, and DTaP vaccines); *Peters v. Sec'y of Health & Human Servs.,* No. 16-638, 2020 WL 1487789 (petitioner alleged that he developed transverse myelitis after receiving the influenza ("flu") and HPV vaccinations); *Gutierrez, et al. v. Sec'y of Health & Human Servs.,* No. 14-1201V, 2016 WL 53627488 (Fed. Cl. Spec. Mstr. Sep. 1, 2016) (petitioners allege that their minor child developed transverse myelitis as a result of receiving the HPV vaccine).

Additionally, this is counsel's first and only case before the Vaccine Program and while the magnitude of the tasks involved in this litigation was their first impression for how to bring and litigate a claim in this Court, the progression of the litigation did not differ significantly from how other cases in the program progress. Thus, petitioners' request that counsel be awarded the highest hourly rate in the appropriate forum brackets is denied.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Here, petitioner's counsel and paralegals have billed for a total of 258.20 hours of work performed since accepting the case since 2014. The detailed billing records reflect that the attorneys of record delegated appropriate tasks to paralegals and worked collaboratively with other attorneys at the firm when necessary. I find the hours expended are adequately documented and reasonable. Accordingly, they will be awarded without adjustment. **Therefore, petitioners are awarded $58,570.55 in attorneys' fees.**

### D. Costs

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. 29, 34. Here, petitioners request a total of $9,743.88 in attorneys' costs which are associated with obtaining medical records, postage and travel for the entitlement hearing. Fees App., Ex. D. The petitioners submitted appropriate documentation for these costs. **These costs are reasonable and will be awarded in full.**

Additionally, petitioners' request $62,753.20 in expert fees, which includes fees for Dr. Lawrence Steinman, Dr. Marcel Kinsbourne, lifecare planner William H. Burke, Ph.D., lifecare planner Barbara Bate and Jack Bopp, a certified rehabilitation consultant. As respondent has appropriately raised a question about the necessity of an extensive future wage loss analysis in light of the formulaic approach to the future wage loss of a minor required by the Vaccine Act, I

will defer ruling on the expenses for those experts necessary solely for the resolution of damages in this case. Therefore, the fees for the lifecare planner William Burke, Ph.D., Barbara Bate RN-BC and Jack Bopp, certified rehabilitation consultant, will be considered upon resolution of the damages and in a final attorneys' fees and costs application. Counsel is cautioned to carefully review the §15(a)(3)(B) of the Vaccine Act and relevant cases that address the issue of loss of earnings for individuals that sustain vaccine-related injuries before reaching the age of 18 to determine whether expert fees incurred for a lost-wage analysis is appropriate in this case.

Dr. Steinman is an experienced expert in the Vaccine Program and he billed for 58 hours of work at $500.00 per hour, plus travel to and from the hearing, requesting a total of $31,777.00. Pet. Ex. 52. Dr. Steinman provided a detailed invoice and receipts for travel. Pet. Ex. 52. Dr. Steinman's airfare cost $1,835.40, which appears to be the cost of first-class airfare. Pet. Ex. 52 at 6. Fees for experts are subject to the same reasonableness standards as fees for attorneys. *Baker v. Sec'y of Health & Human Servs.,* No. 99-653, 2005 WL 589431 at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005). First-class travel is not considered a reasonable expense and the Vaccine Program does not compensate for first-class airfare. *Digerolamo v. Sec'y of Health & Human Servs.,* No. 16-0920, 2019 WL 4305792*4 (Fed. Cl. Spec. Mstr. June 28, 2019). **As such, I will reduce the amount of the first-class airfare by half, a total reduction of $917.70, resulting in an award to Dr. Steinman of $30,859.30.**

Additionally, Dr. Kinsbourne billed for 64 hours at $500.00 per hour, requesting a total of $32,100.00. Pet. Ex. 55. Dr. Kinsbourne provided a detailed invoice. Pet. Ex. 55. In this invoice, it appears that Dr. Kinsbourne billed 12.75 hours for "Review Respondent's. prehearing memo; prep for trial, including a prehearing document summarizing my testimony," twice-once in July 2017 and then again in July 2018. *Id.* at 1-2. The amount billed for July 2017 and July 2018 for these two tasks was $6,375.00, for a total of $12,750. *Id.* The entitlement hearing was held on July 31-August 1, 2018, making it more likely that the July 2018 record is correct, and the July 2017 was in error. *See* Hearing Order (ECF No. 45). **As such, Dr. Kinsbourne's costs will be reduced by $6,375.00, for a total of $25,725.00.**

Finally, petitioners request $75.18 in out-of-pocket expenses associated with traveling to the entitlement hearing. These costs are reasonable, and petitioners will be awarded $75.18 in costs.

In summary, petitioners are awarded a total of $66,328.18 in attorneys' costs, including expert fees and costs. Petitioners are awarded a total of $75.18 in costs.

### IV.     Conclusion

In accordance with the foregoing, petitioners' motion for interim attorneys' fees and costs **GRANTED.** Interim attorneys' fees and costs are awarded as follows:

| | |
|---|---|
| Attorney's Fees Requested | $ 58,570.55-$65,308.80 |
| **Attorneys' Fees Awarded** | **$ 58,570.88** |

| | |
|---|---|
| Attorneys' Costs Requested | $ 94,853.20[4] |
| (deferred costs) | ($ 24,356.20) |
| (cost reduction) | ($7,292.70) |
| **Attorneys' Costs Awarded** | **$ 63,204.30** |

| | |
|---|---|
| **Total Attorneys' Fees and Costs** | **$ 121,775.18** |
| **Petitioners' Costs** | **$ 75.18** |
| **TOTAL** | **$ 121,850.36** |

Accordingly, the following award is awarded:

1) **A lump sum in the amount of $121,775.18 in the form of a check payable to petitioners' counsel, Shaheen & Gordon, P.A., and a check of $75.18 payable to petitioners, Heidi and David White.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Petitioners provided additional documentation to support the request for expert fees, which included Dr. Kinsbourne's final invoice dated September 26, 2020. Pet. Ex. 55. Dr. Kinsbourne's invoice states that his total fees for the work performed for this case was $32,100.00 and that he received two payments (retainer fee of $2,000.00 and a payment in 2017 for $6,620.0), and that the balance was owed was $23,480.00. Instead of petitioners' referencing the total cost associated with retaining Dr. Kinsbourne, $32,100.00 in their supplemental interim fees motion, they only referenced the balanced owned. The attorneys' costs requested reflects this omission.

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).