# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 27, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ARIANA C. WHITE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-1521V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Anthony M. Carr*, Shaheen & Gordon, Dover, NH, for Petitioner.
*Traci R. Patton*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 10, 2022, Ariana White ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 153). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$62,476.96**.

I. **Procedural History**

On December 15, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered transverse myelitis as a result of receiving a human papillomavirus vaccination. *See* Petition (ECF No. 1). On April 28, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 146).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On June 10, 2022, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $63,824.06, representing $29,747.05 in attorneys' fees and $34,077.01 in costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs related to this litigation. Respondent reacted to the fees motion on June 29, 2022, stating that respondent "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case". Response at 2 (ECF No. 154). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

## II. Analysis

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Anthony Carr, $295.50 per hour for work performed in 2020, $369.50 per hour for work performed in 2021, and $381.00 per hour for work performed in 2022; and for Mr. D. Michael Noonan, $473.50 per hour for work performed in 2020 and $482.00 per hour for work performed in 2021. Fees App. at 25. These rates require additional discussion.

Mr. Carr was admitted to practice law in 2013, giving him approximately 7 years of experience in 2020 and placing him in the range of attorneys with 4-7 years of experience on the OSM Attorneys' Forum Hourly Rate Fee Schedules. Mr. Carr's proposed 2020 rate is reasonable, as it falls in the middle of the prescribed range and reflects that although his overall experience is at the top of the range, he has limited Vaccine Program experience. However, Mr. Carr's proposed rate for 2021 is excessive. The additional year of experience has moved him into the range of attorneys with 8-10 years of experience. In this range, Mr. Carr is at the lowest end of the range for overall experience while still having limited Vaccine Program experience while his proposed rate would place him approximately in the middle of the range. The same is true for his 2022 rate.


Based on all of the relevant *McCulloch* factors, I find the following hourly rates reasonable for Mr. Carr: $325.00 per hour for work performed in 2021 and $350.00 per hour for work performed in 2022. Application of these rates results in a reduction of $1,321.25.[3]

Mr. Noonan was admitted to practice law in 1990, giving him approximately 30 years of legal experience in 2020 and placing him in the range of attorneys with 20-30 years of experience on the fee schedules. Mr. Noonan's proposed hourly rate exceeds the maximum rate for this range ($467.00). Based upon his credentials and the *McCulloch* factors, I find that a reasonable hourly rate for his work in 2020 is $450.00 per hour. For 2021, Mr. Noonan moves up into the range of attorneys with 31+ years of experience. Based on his credentials, I find that the proposed hourly rate of $482.00 per hour is reasonable. Accordingly, a reduction of $25.85 shall be made to reflect the adjustment to Mr. Noonan's 2020 rate.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $28,399.95.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $34,077.01. This amount is comprised of postage, acquisition of medical records, and work performed by petitioner's life care planners. At the time I awarded interim attorneys' fees and costs, I deferred the decision on the cost for the life care planners because respondent raised a question about the necessity of an extensive future wage loss analysis in light of the formulaic approach to the future wage loss of a minor required by the Vaccine Act. Now, I find that petitioner has substantiated the need of a vocational expert to determine the extent of petitioner's disability. I also note that although Respondent objected to these costs at the time of the interim fees motion, he has offered no such objection to the costs at this juncture. Accordingly, I find the deferred costs to be reasonable and they shall be fully reimbursed. Petitioner has also provided adequate documentation supporting the remainder of her costs and all appear reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

### III.   **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

---

[3] The reduction is calculated as follows:
2021: ($369.50 per hour requested - $325.00 per hour awarded) * 16.1 hours billed = $716.45
2022: ($381.50 per hour requested - $350.00 per hour awarded) * 19.2 hours billed = $604.80

| | |
|---|---|
| Attorneys' Fees Requested | $29,747.05 |
| (Reduction of Fees) | - ($1,347.10) |
| **Total Attorneys' Fees Awarded** | **$28,399.95** |
| | |
| Attorneys' Costs Requested | $34,077.01 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$34,077.01** |
| | |
| **Total Attorneys' Fees and Costs** | **$62,476.96** |

**Accordingly, I award a lump sum in the amount of $62,476.96, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Anthony Carr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).